01

02

03

04

05

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON

06

AT SEATTLE

07 JAY BOWLEY,                                    )    CASE NO. C07-0266-RSM
                                                 )
08        Plaintiff,                             )
                                                 )
09        v.                                      )    REPORT AND RECOMMENDATION
                                                 )    RE: SOCIAL SECURITY
10 MICHAEL J. ASTRUE,                            )    DISABILITY APPEAL
   Commissioner of Social Security,              )
11                                               )
          Defendant.                             )
12 _____      )

13        Plaintiff Jay Bowley proceeds through counsel in his appeal of a final decision of the

14 Commissioner of the Social Security Administration (Commissioner).  The Commissioner denied

15 plaintiff's applications for Disability Insurance (DI) and Supplemental Security Income (SSI)

16 benefits after a hearing before an Administrative Law Judge (ALJ).  Having considered the ALJ's

17 decision, the administrative record (AR), and all memoranda of record, it is recommended that this

18 matter be REMANDED for further administrative proceedings.

19                          **FACTS AND PROCEDURAL HISTORY**

20        Plaintiff was born on XXXX, 1963.[1]  He graduated from high school, taking classes for

21 _____

22        [1] Plaintiff's date of birth is redacted back to the year of birth in accordance with the
   General Order of the Court regarding Public Access to Electronic Case Files, pursuant to the

REPORT AND RECOMMENDATION RE:
SOCIAL SECURITY DISABILITY APPEAL
PAGE -1

01 | students with learning disorders.  Plaintiff previously worked as a cable worker.

02 | Plaintiff filed applications for SSI and DI benefits in September 2001, alleging disability

03 | since December 4, 1998.  (AR 71-73, 273-75.)  His applications were denied initially and on

04 | reconsideration, and he timely requested a hearing.  ALJ  John Bauer held a hearing on June 24,

05 | 2003, taking testimony from plaintiff and vocational expert Michael Swanson.  (AR 494-541.)

06 | ALJ Bauer issued a decision finding plaintiff not disabled on May 10, 2004. (AR 288-99.)

07 | Plaintiff timely appealed to the Appeals Council, submitting additional evidence.  (AR 303-

08 | 07.) On April 6, 2005, the Appeals Council remanded plaintiff's claims for a rehearing, noting that

09 | the record did not reflect that the ALJ proffered post-hearing evidence from Carl C. Epp, Ph., to

10 | plaintiff's representative.  (AR 300-02.)

11 | On October 3, 2005, plaintiff appeared for a supplemental hearing with ALJ Bauer.  (AR

12 | 542-58.) ALJ Bauer issued a second decision finding plaintiff not disabled on December 1, 2005.

13 | (AR 16-28.)   The Appeals Council denied plaintiff's request for review on December 22, 2006

14 | (AR 7-10), making the ALJ's decision the final decision of the Commissioner.  Plaintiff appealed

15 | this final decision of the Commissioner to this Court.

16 | **JURISDICTION**

17 | The Court has jurisdiction to review the ALJ's decision pursuant to 42 U.S.C. § 405(g).

18 | **DISCUSSION**

19 | The Commissioner follows a five-step sequential evaluation process for determining

20 | whether a claimant is disabled.  *See* 20 C.F.R. §§ 404.1520, 416.920 (2000).  At step one, it must

21 |

22 | official policy on privacy adopted by the Judicial Conference of the United States.

REPORT AND RECOMMENDATION RE:
SOCIAL SECURITY DISABILITY APPEAL
PAGE -2

01 be determined whether the claimant is gainfully employed.  The ALJ found plaintiff had not

02 engaged in substantial gainful activity since his alleged onset date.  At step two, it must be

03 determined whether a claimant suffers from a severe impairment.  The ALJ found plaintiff's

04 personality disorder, anxiety disorder, dysthymia, and left shoulder impairment with history of left

05 shoulder surgery severe.  Step three asks whether a claimant's impairments meet or equal a listed

06 impairment.  The ALJ found that plaintiff's impairments did not meet or equal the criteria for any

07 listed impairment.  If a claimant's impairments do not meet or equal a listing, the Commissioner

08 must assess residual functional capacity (RFC) and determine at step four whether the claimant

09 has demonstrated an inability to perform past relevant work.  The ALJ found plaintiff able to lift

10 and carry twenty pounds occasionally and ten pounds frequently, able to stand and/or walk, as well

11 as to sit with normal breaks, for a total of six hours in an eight hour day, and limited to work that

12 requires only simple, routine tasks that require only limited contact with the public and does not

13 require working on bridges or in buildings over three stories tall.  With this RFC, the ALJ found

14 plaintiff unable to perform his past relevant work.  If a claimant demonstrates an inability to

15 perform past relevant work, the burden shifts to the Commissioner to demonstrate at step five that

16 the claimant retains the capacity to make an adjustment to work that exists in significant levels in

17 the national economy.  Considering the testimony of the vocational expert, the ALJ found plaintiff

18 capable of performing a significant number of jobs, including work as a bakery worker and

19 machine packager.

20       This Court's review of the ALJ's decision is limited to whether the decision is in

21 accordance with the law and the findings supported by substantial evidence in the record as a

22 whole.  *See Penny v. Sullivan*, 2 F.3d 953, 956 (9th Cir. 1993).  Substantial evidence means more

REPORT AND RECOMMENDATION RE:
SOCIAL SECURITY DISABILITY APPEAL
PAGE -3

01 than a scintilla, but less than a preponderance; it means such relevant evidence as a reasonable

02 mind might accept as adequate to support a conclusion. *Magallanes v. Bowen*, 881 F.2d 747, 750

03 (9th Cir. 1989). If there is more than one rational interpretation, one of which supports the ALJ's

04 decision, the Court must uphold that decision. *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir.

05 2002).

06     Plaintiff argues that the vocational expert's testimony departed from the Dictionary of

07 Occupational Titles without any justification, and that the ALJ failed to evaluate the August 2000

08 opinions of treating physician Dr. Medina, erroneously evaluated the opinions of examining

09 physician Dr. Bhaskar, and failed to account for the totality of the opinions of two non-examining

10 physicians. Plaintiff further argues that the ALJ erroneously evaluated his substance use and

11 alleged onset date, and miscalculated his date last insured. He requests remand for an award of

12 benefits or, alternatively, for further administrative proceedings. The Commissioner argues that

13 the ALJ's decision is supported by substantial evidence and should be affirmed.

14     The Court has discretion to remand for further proceedings or to award benefits. *See*

15 *Marcia v. Sullivan*, 900 F.2d 172, 176 (9th Cir. 1990). The Court may direct an award of benefits

16 where "the record has been fully developed and further administrative proceedings would serve

17 no useful purpose." *McCartey v. Massanari* 298 F.3d 1072, 1076 (9th Cir. 2002).

18     Such a circumstance arises when: (1) the ALJ has failed to provide legally sufficient
reasons for rejecting the claimant's evidence; (2) there are no outstanding issues that
19    must be resolved before a determination of disability can be made; and (3) it is clear
from the record that the ALJ would be required to find the claimant disabled if he
20    considered the claimant's evidence.

21 *Id*. at 1076-77. For the reasons described below, the Court recommends that this matter be

22 remanded for further administrative proceedings.

REPORT AND RECOMMENDATION RE:
SOCIAL SECURITY DISABILITY APPEAL
PAGE -4

01                              Vocational Expert's Testimony

02        The Dictionary of Occupational Titles (DOT) raises a rebuttable presumption as to job

03   classification. *Johnson v. Shalala*, 60 F.3d 1428, 1435-36 (9th Cir. 1995).  Pursuant to Social

04   Security Ruling (SSR) 00-4p, an ALJ has an affirmative responsibility to inquire as to whether a

05   vocational expert's (VE) testimony is consistent with the DOT and, if there is a conflict, determine

06   whether the VE's explanation for such a conflict is reasonable.   *Massachi v. Astrue*, 486 F.3d

07   1149, 1152-54 (9th Cir. 2007).  As stated by the Ninth Circuit Court of Appeals:  "[A]n ALJ may

08   rely on expert testimony which contradicts the DOT, but only insofar as the record contains

09   persuasive evidence to support the deviation."  *Johnson*, 60 F.3d at 1435-36   (VE testified

10   specifically about the characteristics of local jobs and found their characteristics to be sedentary,

11   despite DOT classification as light work). *See also Pinto v. Massanari*, 249 F.3d 840, 847 (9th

12   Cir. 2001) ("We merely hold that in order for an ALJ to rely on a job description in the [DOT] that

13   fails to comport with a claimant's noted limitations, the ALJ must definitively explain this

14   deviation.") "Evidence sufficient to permit such a deviation may be either specific findings of fact

15   regarding the claimant's residual functionality, or inferences drawn from the context of the

16   expert's testimony." *Light v. Social Sec. Admin.* , 119 F.3d 789, 794 (9th Cir. 1997) (internal

17   citations omitted).

18        In this case, following inquiry by the ALJ, the VE testified that his testimony was

19   consistent with the DOT.  (AR 534.)  However, plaintiff notes that the VE's testimony as it related

20   to the position of machine packager was not consistent with the DOT in that the VE identified this

21   position as exertionally "light" work, when it is, in fact, "medium" work. *See* DOT 920.685-078.

22   There was no reasonable explanation for or persuasive evidence to support this deviation.

REPORT AND RECOMMENDATION RE:
SOCIAL SECURITY DISABILITY APPEAL
PAGE -5

01        Plaintiff avers the impact of this issue on the ALJ's step five decision.  That is, plaintiff

02  contends that while the ALJ ruled that the combined total of bakery worker and machine packager

03  jobs (3,300 jobs in the State of Washington and 175,000 in the national economy) constituted a

04  significant number of jobs, he never ruled that the number of bakery worker jobs alone (1,300 in

05  the State of Washington and 70,000 in the national economy) constituted a significant number.

06  He asserts that this Court may review only the ALJ's findings, not findings suggested by the

07  Commissioner.  *See SEC v. Chenery*, 332 U.S. 194, 196 (1947) ("[A] reviewing court, in dealing

08  with a determination or judgment which an administrative agency alone is authorized to make,

09  must judge the propriety of such action solely by the grounds invoked by the agency. If those

10  grounds are inadequate or improper, the court is powerless to affirm the administrative action by

11  substituting what it considers to be a more adequate or proper basis.")

12        The Commissioner concedes the error identified, but asserts that it was harmless given that

13  the ALJ's step five decision did not depend on the machine packager job.  He points to case law

14  supporting the conclusion that the 1,300 bakery worker jobs statewide constitutes a significant

15  number.  *See Meanel v. Apfel*, 172 F.3d 1111, 1115 (9th Cir. 1999) (between 1,000 and 1,500

16  jobs in the local area constituted a significant number); *Barker v. Secretary of Health & Human*

17  *Servs.*, 882 F.2d 1474, 1478-79 (9th Cir. 1989) (1,266 jobs in the Los Angeles/Orange County

18  area constituted a significant number).  The Commissioner rejects the application of *Chenery* here,

19  asserting that the ALJ did make an explicit step five finding with respect to the bakery worker job.

20        In reply, plaintiff points to a Tenth Circuit Court of Appeals decision in support of his

21  argument that this Court may not rely on the number of bakery worker jobs given the ALJ's failure

22  to specifically rely on this position at step five.  *See Allen v. Barnhart*, 357 F.3d 1140 (10th Cir.

REPORT AND RECOMMENDATION RE:
SOCIAL SECURITY DISABILITY APPEAL
PAGE -6

01  2004).  In *Allen*, in considering whether a harmless error analysis could be applied where an ALJ's

02  error at step five eliminated all but 100 jobs statewide, the court stated:  "[T]o the extent a

03  harmless-error determination rests on legal or evidentiary matters not considered by the ALJ, it

04  risks violating the general rule against post hoc justification of administrative action recognized

05  in [*Chenery*] and its progeny."  *Id.* at 1144-45.  Plaintiff also avers that the proper test for

06  harmless error holds that, if a reasonable ALJ could determine that 1,300 jobs statewide is not a

07  significant number, the ALJ's error must be deemed harmful.  *See Stout v. Commissioner, Soc.*

08  *Sec. Admin.*,  454 F.3d 1050, 1056 (9th Cir. 2006) ("[W]here the ALJ's error lies in a failure to

09  properly discuss competent lay testimony favorable to the claimant, a reviewing court cannot

10  consider the error harmless unless it can confidently conclude that no reasonable ALJ, when fully

11  crediting the testimony, could have reached a different disability determination.")

12        The undersigned first notes that it is questionable whether *Chenery* prohibits this Court

13  from relying on the remaining number of bakery worker jobs at step five.  In *Allen*, the Tenth

14  Circuit indicated that a harmless error analysis might be appropriate in the "right exceptional

15  circumstance, i.e., where, based on material the ALJ did at least consider (just not properly), we

16  could confidently say that no reasonable administrative factfinder, following the correct analysis,

17  could have resolved the factual matter in any other way[]"; in that case, where "the number of

18  available jobs identified by the VE [had] not been one hundred but considerably greater."  357

19  F.3d at 1145 (citing *Trimiar v. Sullivan*, 966 F.2d 1326, 1330-32 (10th Cir. 1992) (upholding

20  ALJ's decision that 650 to 900 jobs statewide constituted a significant number.)  The Ninth

21  Circuit's decision in *Barker* also appears to suggest that a step five decision could be upheld

22  following an exclusion of one or more of the job types identified by the VE and accepted by the

01 | ALJ. *See* 882 F.2d at 1479 (although declining to exclude certain jobs identified, the court found,

02 | even if those jobs were excluded, the remaining jobs represented significant numbers).

03 | However, the Court need not decide this issue because plaintiff fails to support his

04 | contention that the ALJ relied on the cumulative number of bakery worker and machine packager

05 | jobs at step five.  The ALJ found that there were a significant number of jobs in the national

06 | economy plaintiff could perform, giving the examples of bakery worker jobs and machine packager

07 | jobs.  (AR 28.)  He did not specifically conclude that the cumulative number of those jobs

08 | constituted a significant number.  As such, outside of noting that the ALJ's step five finding may

09 | be implicated by the errors identified below, the Court finds no basis for questioning the ALJ's

10 | step five finding with respect to the number of bakery worker jobs.

11 | <u>Physicians' Opinions</u>

12 | In general, more weight should be given to the opinion of a treating physician than to a

13 | non-treating physician, and more weight to the opinion of an examining physician than to a non-

14 | examining physician. *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1996).  Where not contradicted

15 | by another physician, a treating or examining physician's opinion may be rejected only for "'clear

16 | and convincing'" reasons.  *Id.* (quoting *Baxter v. Sullivan*, 923 F.2d 1391, 1396 (9th Cir. 1991)).

17 | Where contradicted, a treating or examining physician's opinion may not be rejected without

18 | "'specific and legitimate reasons' supported by substantial evidence in the record for so doing."

19 | *Id.* at 830-31 (quoting *Murray v. Heckler*, 722 F.2d 499, 502 (9th Cir. 1983)).

20 | As discussed below, plaintiff demonstrates reversible error with respect to treating

21 | physician Dr. Medina and examining physician Dr. Bhaskar.  However, the evidence does not

22 | support crediting either physician's opinions as true. *See Connett v. Barnhart*, 340 F.3d 871, 876

REPORT AND RECOMMENDATION RE:
SOCIAL SECURITY DISABILITY APPEAL
PAGE -8

01 | (9th Cir. 2003) (remanding for further determinations where there were insufficient findings as to

02 | whether plaintiff's testimony should be credited as true).

03 | A.    Dr. Medina

04 |      Plaintiff asserts that the ALJ erred in failing to address the August 2000 opinions of

05 | treating physician Dr. Medina.  Specifically, he points to Dr. Medina's August 4, 2000 Physical

06 | Capacities Information form, in which Dr. Medina indicated that plaintiff could not climb or reach

07 | above the shoulder level, could crawl only seldom, and could only occasionally bend or squat.

08 | (AR 136.)  He notes the omission of any such restrictions from the ALJ's hypothetical to the VE

09 | (AR 531-32) and asserts that the bakery worker and machine packager positions require,

10 | respectively, occasional and frequent reaching.  *See* DOT 524.687-022 and 920.685-078.

11 |      The Commissioner first notes that plaintiff never returned to Dr. Medina following the

12 | completion of the August 4, 2000 form and did not seek other treatment or complain about

13 | shoulder pain since that time.  The Commissioner further asserts that the omission of this evidence

14 | was nonprejudicial, and therefore harmless, given that the core of plaintiff's complaints relate to

15 | his mental impairments, rather than his physical impairments.  *See Stout*, 454 F.3d at 1055 ("We

16 | have also affirmed under the rubric of harmless error where the mistake was nonprejudicial to the

17 | claimant or irrelevant to the ALJ's ultimate disability conclusion.")

18 |      However, as argued by plaintiff in reply, the Commissioner improperly relies on post hoc

19 | rationalizations for the ALJ's failure to address this report.  Further, even if it could be said that

20 | plaintiff's problems were primarily mental, the ALJ must account for a combination of a claimant's

21 | impairments, even those deemed not severe.  *See* 42 U.S.C. § 423(d)(2)(B); 20 C.F.R. §§

22 | 404.1523, 416.923.  Moreover, in this case, the ALJ did deem plaintiff's shoulder impairment

REPORT AND RECOMMENDATION RE:
SOCIAL SECURITY DISABILITY APPEAL
PAGE -9

01  severe (AR 23) and plaintiff specifically pointed to his shoulder impairment as part of the reason

02  for his inability to work (AR 551-52).  Finally, it should be noted that the ALJ relied on an August

03  2, 2000 chart note from Dr. Medina as reflecting improvement in plaintiff's shoulder pain, while

04  ignoring a form completed just two days later in which Dr. Medina assessed a limitation

05  specifically related to plaintiff's shoulder impairment.  (*See* AR 18 (citing AR 137).)  For these

06  reasons, the ALJ should consider Dr. Medina's August 4, 2000 form on remand and, if necessary

07  as a result of that consideration, should revisit the RFC and credibility assessments, as well as the

08  step five finding.

09  B.    Dr. Bhaskar

10        Plaintiff argues that, although the ALJ endorsed the opinions of examining physician Dr.

11  Bhaskar, Dr. Bhaskar's opinions were more restrictive than that reflected in the ALJ's RFC

12  assessment.  In particular, plaintiff points to the fact that Dr. Bhaskar found "limitations to

13  reaching, handling, feeling, grasping or fingering frequently or occasionally." (AR 172.)  Plaintiff

14  asserts that the bakery worker and machine packager positions require, respectively, occasional

15  and frequent reaching and occasional and constant handling. *See* DOT 524.687-022 and 920.685-

16  078.

17        The Commissioner contends that that the manipulative limitations pointed to by plaintiff

18  appear to have been the result of a typographical error, asserting that Dr. Bhaskar's extensive

19  clinical findings on examination did not indicate any testing for or assessment of manipulative

20  limitations.  (AR 167-72.)  He also notes that Dr. Bhaskar's report reflects that plaintiff reported

21  daily activities – such as doing laundry, cleaning house, washing dishes, puttering in the garage,

22  shooting pool, and playing guitar – requiring physical and manipulative abilities.  (AR 170.)  The

REPORT AND RECOMMENDATION RE:
SOCIAL SECURITY DISABILITY APPEAL
PAGE -10

01  Commissioner asserts that contradictions between a doctor's opinion of a claimant's abilities and

02  that doctor's notes and other recorded observations and opinions constitutes a clear and

03  convincing reason for not relying on that doctor's opinion.   *See Bayliss v. Barnhart*, 427 F.3d

04  1211, 1216 (9th Cir. 2005).

05       However, again, the Commissioner inappropriately relies on post hoc rationalizations.  As

06  noted by plaintiff in reply, if the ALJ, in fact, believed that these limitations were not assessed, he

07  should have contacted Dr. Bhaskar for clarification.  *See* 20 C.F.R. §§ 404.1519p(b), 416.919p(b).

08  Moreover, Dr. Bhaskar's report did address plaintiff's left shoulder impairment (AR 169), which

09  could have resulted in at least the reaching limitation assessed.  Indeed, the ALJ specifically

10  accepted Dr. Bhaskar's assessment as to plaintiff's limitation to lifting and carrying thirty to forty

11  pounds based on his shoulder impairment.  (AR 24.)  As such, the ALJ should consider these

12  possible assessed limitations on remand.

13  C.    <u>Drs. Regets and Lysak</u>

14       Plaintiff avers that, outside of a general endorsement (*see* AR 23), the ALJ failed to

15  account for the totality of the opinions of nonexamining state agency psychologists Drs. Regets

16  and Lysak.  In particular, he points to a number of moderate limitations found on their Mental

17  RFC Assessment (MRFCA) form (AR 190-92), as well as their statement that plaintiff "may

18  require some extra supervision" (AR 192).  Plaintiff points to *Andrews v. Shalala*, 53 F.3d 1035,

19  1043-44 (9th Cir. 1995), as requiring an ALJ to account for all of the moderate limitations noted

20  on a nonexamining physician's MRFCA form where the ALJ endorses the views of such a source.

21       The Commissioner objects to plaintiff's reliance on the MRFCA form checkboxes and

22  asserts that the ALJ's RFC assessment is appropriately consistent with the narrative portion of the

REPORT AND RECOMMENDATION RE:
SOCIAL SECURITY DISABILITY APPEAL
PAGE -11

01  form.  *See* Program Operations Manual System (POMS) DI 25020.010 at B.1 ("The purpose of

02  section I . . . on the [MRFCA] is chiefly to have a worksheet to ensure that the psychiatrist or

03  psychologist has considered each of these pertinent mental activities and the claimant's or

04  beneficiary's degree of limitation for sustaining these activities over a normal workday and

05  workweek on an ongoing, appropriate, and independent basis. It is the narrative written by the

06  psychiatrist or psychologist in section III . . . of [the MRFCA] that adjudicators are to use as the

07  assessment of RFC.")  The Commissioner further asserts that the ALJ properly omitted any

08  reference to the tentative limitation as to extra supervision.

09          Plaintiff fails to demonstrate error with respect to Drs. Regets and Lysak.  He essentially

10  concedes that, outside of the comment as to extra supervision, the ALJ's RFC assessment was

11  consistent with the narrative portion of the MRFCA form.  As argued by the Commissioner, the

12  ALJ appropriately focused on the narrative portion of that form.  *See* POMS DI 25020.010 at

13  B.1.[2]  Plaintiff's reliance on *Andrews* is unavailing.  Although the Ninth Circuit in that case did find

14  that an ALJ erred in failing to account for a number of moderate limitations assessed by a

15  testifying physician, which were consistent with the findings on another reviewing physician's

16  MRFCA form, it did not address the significance of checkbox findings versus the narrative portion

17  of an MRFCA form.  *See Andrews*, 53 F.3d at 1038-39, 1043-44.  Additionally, as argued by the

18  Commissioner, the tentative nature of the comment regarding extra supervision relieved the ALJ

19  of any obligation to specifically discuss it.  *See generally Vincent v. Heckler*, 739 F.2d 1393,

20  1394-95 (9th Cir. 1984) (an ALJ is not required to discuss all the evidence presented, so long as

21  

22          [2] Although the POMS "does not have the force of law" it "is persuasive authority." *Warre v. Commissioner of the Soc. Sec. Admin.*, 439 F.3d 1001, 1005 (9th Cir. 2006).

REPORT AND RECOMMENDATION RE:
SOCIAL SECURITY DISABILITY APPEAL
PAGE -12

01    he explains why "significant probative evidence has been rejected." ) (citing *Cotter v. Harris*, 642

02    F.2d 700, 706 (3d Cir. 1981)).   For these reasons, the Court finds no error in the ALJ's

03    consideration of the MRFCA form completed by Drs. Regets and Lysak.

04    <u>Substance Use</u>

05         A claimant is not entitled to disability benefits "if alcoholism or drug addiction would . .

06    . be a contributing factor material to the Commissioner's determination that the individual is

07    disabled." 42 U.S.C. § 423(d)(2)(C).  Therefore, where relevant, an ALJ must conduct a drug

08    abuse and alcoholism (DAA) analysis and determine whether a claimant's disabling limitations

09    remain absent the use of drugs or alcohol. 20 C.F.R. §§ 404.1535, 416.935.  That is, the ALJ

10    must, first, identify disability under the five-step procedure and, second, conduct a DAA analysis

11    to determine whether substance abuse was material to disability. *Bustamante v. Massanari*, 262

12    F.3d 949, 955 (9th Cir. 2001).  "If the remaining limitations would still be disabling, then the

13    claimant's drug addiction or alcoholism is not a contributing factor material to his disability. If the

14    remaining limitations would not be disabling, then the claimant's substance abuse is material and

15    benefits must be denied." *Parra v. Astrue*, 481 F.3d 742, 747-48 (9th Cir. 2007).

16         Plaintiff argues that the ALJ failed to correctly address his substance use.  He asserts that

17    the ALJ found his claim tainted by substance use and discounted it on that basis (*see* AR 24-25),

18    but failed to perform the two-step DAA analysis.  Plaintiff further asserts that the ALJ's findings

19    as to substance use were inconsistent, noting that while the ALJ discounted his claim of disability

20    based on substance use, he did not find plaintiff's substance use either a medically determinable

21    impairment or severe at step two.

22         The Commissioner disputes that a DAA analysis was necessary in this case.  He avers that,

01  instead, the ALJ properly considered plaintiff's potentially undisclosed substance abuse problem

02  as part of the credibility analysis. (*See* AR 25.)  The Commissioner further notes that a lack of

03  truthfulness about substance use has been deemed a clear and convincing reason to reject a

04  claimant's testimony.  *See Verduzco v. Apfel*, 188 F.3d 1087, 1090 (9th Cir. 1999).

05       In reply, plaintiff argues that the Commissioner's suggestion that the ALJ considered his

06  substance use only with respect to his credibility cannot be reconciled with the ALJ's endorsement

07  of the opinions of examining physician Dr. Epp.  The ALJ stated with respect to Dr. Epp:

08       Dr. Epp noted that the claimant's inconsistent testing results and the claimant's lack
         of reliable information prevented him from making a definitive diagnosis of the
09       claimant.  However, Dr. Epp did note several times in his evaluation, and again in a
         later letter, that based on his objective observations of the claimant's behavior and on
10       the objective psychological test results, there was a likely possibility that the claimant
         had an undisclosed substance abuse problem.  Because this opinion is based on the
11       doctor's objective clinical observations and on objective testing results, I give this
         opinion significant weight.

12

13  (AR 24.)

14       The ALJ pointed to plaintiff's substance use in the credibility assessment, stating:

15       The claimant's general credibility regarding his mental symptoms and severity is
         suspect. . . .  The claimant also had inconsistent test results when he was tested by Dr.
16       Epp . . . .  Dr. Epp stated that he suspected that the claimant was abusing alcohol, and
         that the claimant's MMPI 2 test results supported that probability.  The doctor stated
17       that substance abuse certainly could be causing the claimant's cognitive problems and
         his personality problems. . . .  He says that he won't take medication because he was
18       concerned about the effects, but he drinks alcohol regularly.

19  (AR 25, internal citations to record omitted.)  In some circumstances, it could be appropriate for

20  an ALJ to discuss substance use only within the context of a claimant's credibility.  However, in

21  this case, the ALJ accepted Dr. Epp's opinion as to a substance abuse problem and, in fact, gave

22  this opinion significant weight.  As such, the ALJ should have assessed plaintiff's substance use

REPORT AND RECOMMENDATION RE:
SOCIAL SECURITY DISABILITY APPEAL
PAGE -14

01   pursuant to the two-step method outlined in *Bustamante* and should do so on remand.

02   <u>Alleged Onset Date and Date Last Insured</u>

03        Plaintiff raises two other alleged errors.  First, he asserts that the ALJ erroneously

04   evaluated his alleged onset date in stating that there was "no explanation as to why the claimant's

05   disabling impairments began in 1998."  (AR 25.)  Plaintiff notes that the alleged onset date –

06   December 4, 1998 – corresponds to his left-shoulder surgery on December 8, 1998 (AR 132).

07   Second, plaintiff asserts that his date last insured for DI benefits was on September 30, 2003 (AR

08   79, 93), rather than September 30, 2000, as determined by the ALJ (AR 27).

09        With respect to the first argument, the Commissioner again asserts that plaintiff's disability

10   allegations relate primarily to his mental impairments and maintains that, consequently, the date

11   of his shoulder surgery does not fully explain his alleged onset date.  He also notes that the ALJ's

12   statement was made within the context of the credibility assessment and was one of several

13   inconsistencies or unexplained circumstances noted by the ALJ.  The Commissioner does not

14   respond to plaintiff's argument as to his date last insured.

15        As noted by the Commissioner, the ALJ made the comment regarding plaintiff's alleged

16   onset date in his credibility assessment; he did not make a separate finding as to plaintiff's onset

17   date.  Because plaintiff does not here challenge the ALJ's credibility assessment, the Court does

18   not consider this comment as a reversible error.  However, because the ALJ's credibility

19   assessment could be implicated and require further consideration on remand given the errors

20   outlined above, the Court does note that the ALJ's comment regarding plaintiff's alleged onset

21   date, if repeated, requires further explanation.  That is, in making this comment, the ALJ appears

22   to have been focusing on plaintiff's mental impairments.  As noted by plaintiff, the alleged onset

REPORT AND RECOMMENDATION RE:
SOCIAL SECURITY DISABILITY APPEAL
PAGE -15

01  date corresponds with his shoulder injury and surgery, which the ALJ found severe at step two and

02  which plaintiff testified served as one of the reasons for his inability to return to work ( *see* AR

03  551-52).

04       Plaintiff's second argument identifies an undisputed error in the ALJ's decision.  On

05  remand, the ALJ should clarify the correct date last insured for plaintiff, as documents contained

06  within the record reflect that the correct date is September 30, 2003.  (AR 79, 93.)

**CONCLUSION**

08       For the reasons set forth above, this matter should be REMANDED for further

09  administrative proceedings.

10       DATED this <u>18th</u> day of October, 2007.

Mary Alice Theiler
United States Magistrate Judge

REPORT AND RECOMMENDATION RE:
SOCIAL SECURITY DISABILITY APPEAL
PAGE -16